UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SONYA MARY STREIFF-GARZA,                CIVIL NO. 16-2678 (DWF/JSM)

    Plaintiff,

v.                                       REPORT AND RECOMMENDATION

ALDRICH POINT CONDOMINIUM
ASSOCIATION,

    Defendant.

JANIE S. MAYERON, United States Magistrate Judge

Plaintiff Sonya Mary Streiff-Garza did not pay the filing fee for this lawsuit, but instead applied for *in forma pauperis* ("IFP") status. See Docket No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court finds that Streiff-Garza does not qualify financially for IFP status, because she has over $20,000 in checking and savings accounts from which to pay the $400.00 filing fee. Even if Streiff-Garza did qualify for IFP status, however, this action could not proceed, because by all indications the Court lacks subject-matter jurisdiction over this lawsuit. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

1

Streiff-Garza's allegations against defendant Aldrich Point Condominium Association are difficult to follow,[1] but the claims raised in the complaint and addendum to the complaint sound entirely in state law (negligence, conversion, battery).  Indeed, Streiff-Garza confirms that her complaint does not raise a federal question sufficient to invoke 28 U.S.C. § 1331.  *See* Compl. ¶ 3 [Docket No. 1].  But the grounds for subject-matter jurisdiction that Streiff-Garza does invoke, the diversity of citizenship of the parties, *see* 28 U.S.C. § 1332(a), is not adequately supported by the allegations in the complaint.  *See* Fed. R. Civ. P. 8(a)(1) (noting that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  Streiff-Garza does not allege the state of citizenship of either party, and by all indications, Streiff-Garza (a resident of Minnesota) and the defendant condominium association (an entity located entirely within Minnesota) are each citizens of the same state.  Streiff-Garza has fallen short of her burden to allege facts from which the Court could conclude that it has subject-matter jurisdiction over this action.  *See, e.g.*, *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (noting that the burden of establishing subject-matter jurisdiction rests upon the plaintiff).

Accordingly, it is hereby recommended that this action be dismissed without prejudice pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction.  Streiff-Garza's remaining motions may be denied as moot in light of this Court's recommendation of dismissal for lack of jurisdiction.

---

[1] In many respects, the allegations appear frivolous.  For example, Streiff-Garza alleges that the defendant condominium association, in conjunction with a national pharmacy chain, attempted to inject her with rat poison.  *See* Docket No. 1-1 ¶ 3.

**RECOMMENDATION**

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. All remaining motions [Docket Nos. 2-5] be DENIED AS MOOT.

Dated:   September 1, 2016

                                         s/ Janie S. Mayeron
                                         JANIE S. MAYERON
                                         United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.